IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frank Stephon Johnson, ) | C/A No. 0:19-756-HMH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER REGARDING** |
| ) | **AMENDMENT OF COMPLAINT** |
| Director Myers; Mr. M. Smith, *Maintenance Supervisor*, ) | |
| ) | |
| Defendants. ) | |

The plaintiff, Frank Stephon Johnson, a self-represented state pretrial detainee, brings this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint has been filed pursuant to 28 U.S.C. § 1915 and § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

**I.        Factual and Procedural Background**

Plaintiff, an inmate in the Alvin S. Glenn Detention Center in Richland County, South Carolina, brings this action alleging that various conditions of the jail violate his constitutional rights. (Compl., ECF No. 1 at 2, 5.) Plaintiff claims these conditions are the result of the deliberate indifference of the defendants, the jail's director and maintenance supervisor. (Id. at 6-8.)

Specifically, Plaintiff claims that the showers have bugs, mildew, mold, fungi, and sewage that comes up through the drain. (Id.) Plaintiff claims the jail has various plumbing problems—sewage that backs up into the inmates' living area or cells, toilets that will not stop

flushing, cells that are lacking either cold or hot water, and water that leaks through ceilings.  (Id.) Plaintiff also claims that poisonous snakes, poisonous spiders, and mice have been found in the jail.  (Id.)  Plaintiff further claims the air conditioning in the jail does not work properly and the exhaust vents are filthy.  (Id. at 7.)  Petitioner claims there are feces on the wall of one of the jail's units. (Id.)  Finally, Plaintiff claims the jail has poor security because one officer has to watch fifty-five inmates or more.  (Id.)

Plaintiff claims that he was once injured in the jail and placed in a wheelchair, and he was given allergy medicine that caused an allergic reaction and chemical burns.  (Id. at 10.)  Plaintiff brings these claims against the defendants pursuant to 42 U.S.C. § 1983 for violations of the Fourteenth Amendment, and he seeks damages.  (Id. at 4, 10.)

**II.     Discussion**

**A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.  See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks

PJG

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured

by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Claims of pretrial detainees against detention center officials regarding conditions of confinement are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment. See Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1979); Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). "The due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner; while the convicted prisoner is entitled to protection only against punishment that is 'cruel and unusual,' the pretrial detainee, who has yet to be adjudicated guilty of any crime, may not be subjected to *any* form of 'punishment.' " Martin, 849 F.2d at 870; see also Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992). Further, "the fact that [the] detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.' " Bell, 441 U.S. at 537.

The United States Court of Appeals for the Fourth Circuit has held that the standard for determining whether detention center officials have violated a pretrial detainee's right to due process is deliberate indifference. See Hill, 979 F.2d at 991.[1] Generally, to establish a claim based on alleged deliberate indifference, an inmate must establish two requirements: (1) objectively, the

---

[1] Although these claims are analyzed under the Fourteenth Amendment, case law interpreting the standard of "deliberate indifference" under the Eighth Amendment is instructive. See, e.g., Brown v. Harris, 240 F.3d 383, 388 (4th Cir. 2001) (stating that whether the plaintiff is a pretrial detainee or a convicted prisoner, the "standard in either case is the same—that is, whether a government official has been 'deliberately indifferent to any [of his] serious medical needs' ") (quoting Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990)).

deprivation suffered or injury inflicted was "sufficiently serious," and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "What must be established with regard to each component 'varies according to the nature of the alleged constitutional violation.' " Williams, 77 F.3d at 761 (quoting Hudson v. McMillian, 503 U.S. 1, 5 (1992)). Objectively, the court must assess "whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." Helling v. McKinney, 509 U.S. 25, 36 (1993).[2]

Here, Plaintiff fails to allege any facts about the named defendants that would show that they had any involvement in causing the purported unconstitutional conditions of the jail. See Iqbal, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); Wright v. Collins, 766 F.2d 841, 850 (4th Cir.

---

[2] The court observes the United States Supreme Court has held that for a pretrial detainee to establish an excessive force claim under the Fourteenth Amendment, he need not show that the officer was subjectively aware that the use of force was excessive; rather, he need only show that the force purposely, knowingly, or possibly recklessly used against him was objectively unreasonable. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472 (2015). However, Kingsley did not address whether this standard applies to other claims by pretrial detainees pursuant to the Fourteenth Amendment, and, to date, the Fourth Circuit has not considered this issue. Cf. Darnell v. Pineiro, 849 F.3d 17, 35 (2d Cir. 2017) (extending Kingsley to conditions of confinement claims by pretrial detainees pursuant to the Fourteenth Amendment); Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016) (*en banc*) (extending Kingsley to failure-to-protect claims by pretrial detainees pursuant to the Fourteenth Amendment); see also Richmond v. Huq, 885 F.3d 928, 938 n.3 (6th Cir. 2018) (noting a split among the circuit courts of appeal and collecting cases). Here, however, the court need not address whether Kingsley's standard extends to a pretrial detainee's Fourteenth Amendment claim asserting deliberate indifference to a serious need as the court finds Plaintiff's claim can be addressed without consideration of the subjective prong generally applied to Eighth Amendment claims.

PJG

1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section.' ") (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)). Instead, Plaintiff merely provides a list of poor conditions and states, without factual support, that the defendants were deliberately indifferent to the conditions. Because Plaintiff does not explain how the named defendants were involved in the purported violation of Plaintiff's rights, Plaintiff fails to meet the federal pleading standards. See Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support). Thus, Plaintiff's claims against the named defendants are subject to summary dismissal for failure to plausibly allege that the defendants were personally involved in the deprivation of Plaintiff's rights.

Additionally, Plaintiff fails to allege facts that would plausibly show that the conditions he has been subjected to are "sufficiently serious," and thus violate the Fourteenth Amendment. Plaintiff's list of poor conditions in the Complaint fails to show that he has been deprived of any of life's necessities. Cf. Wilson v. Seiter, 501 U.S. 294, 298 (1991) ("The Constitution . . . does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal citations and quotation marks omitted); see also Hamm v. Riley, CA No. 0:05-2046-HMH-BM, 2007 WL 1377611, at *14 (D.S.C. May 7, 2007) ("During the time period set forth in the Complaint, Plaintiff was a prisoner in a county jail facility, not a hotel. It should be expected that

*PJG*

conditions in such a setting are often times less than ideal."). Notably, the only injury Plaintiff identifies in the Complaint has no apparent connection to the poor conditions of which he complains. See Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993) ("If a prisoner has not suffered serious or significant physical or mental injury *as a result of* the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the [Eighth] Amendment.") (emphasis added). Consequently, Plaintiff's deliberate indifference claims are subject to summary dismissal for Plaintiff's failure to plausibly allege that he has suffered from a sufficiently serious deprivation that has injured Plaintiff.

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim upon which relief can be granted. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[3] If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 and § 1915A.

---

[3] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915A and § 1915A. Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

PJG

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 8, 2019
Columbia, South Carolina

*Plaintiff's attention is directed to the important WARNING on the following page.*

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to ***ALL*** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).